UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILFREDO GONZALEZ-LORA, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 15-0718 (CKK) |
| U.S. DEPARTMENT OF JUSTICE, : | |
| Defendant. : | |

**MEMORANDUM OPINION**

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a, against the Drug Enforcement Administration ("DEA"), a component of the United States Department of Justice ("DOJ"). This matter is before the Court on defendant's Motion to Dismiss [ECF No. 10] and Plaintiff's Motion for Summary Judgment [ECF No. 15]. For the reasons discussed below, the Court will dismiss this action.

I. BACKGROUND

In the United States District Court for the Eastern District of Virginia, plaintiff was convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine and one kilogram of heroin. Compl. ¶ 07 (paragraph numbers designated by plaintiff). On July 23, 1999, the court sentenced plaintiff to a 292-month term of imprisonment. *Id.* The United States Court of Appeals for the Fourth Circuit affirmed the conviction and the Supreme Court of the

1

United States denied plaintiff's petition for a writ of certiorari. *See id.* ¶ 08; *United States v. Lora*, 26 F. App'x 149, 151 (4th Cir. 2001) (per curiam), *cert. denied*, 535 U.S. 1087 (2002).

"In anticipation of filing [a] motion to vacate the conviction pursuant to 28 U.S.C. § 2255, [plaintiff] filed his first [FOIA] [r]equest to the DEA . . . for . . . information" intended "to prove that his conviction was knowingly and intentionally fabricated by the [Assistant United States Attorney prosecuting the case] in [an] illegitimate effort to force him to testify against others." Compl. ¶ 10; *see id.* ¶ 09. Specifically, in 2000, plaintiff sought information about himself and the business he operated in the District of Columbia from January 1994 through July 1996. *See id.* ¶¶ 02, 12 (referencing FOIA/PA Request Number 00-0821-C), 22. The DEA purportedly "provided all the files found under [p]laintiff's name and the name of his business," and from these files it "released three . . . pages and withheld sixty-four . . . pages" of records. *Id.* ¶ 12; *see id.* ¶ 22. Dissatisfied with the DEA's response, plaintiff filed a civil action in this district court in December 2000. *Id.* ¶ 14; *see Lora v. U.S. Dep't of Justice*, No. 00-cv-3072 (JGP) (D.D.C. filed December 22, 2000). Among other things, plaintiff alleged that the DEA improperly withheld documents and thus deprived him of information that would have invalidated his criminal conviction. *See* Mem. of P. & A. in Support of Mot. to Dismiss [ECF No. 10] ("Def.'s Mem."), Ex. 1 (Memorandum Opinion, *Lora v. U.S. Dep't of Justice*, No. 00-3072 (D.D.C. Apr. 9, 2004)) at 2, 7-8. He did not challenge the adequacy of the DEA's search for responsive records. *See id.*, Ex. 1 at 15-16. The lawsuit ended with a grant of summary judgment for the defendant. *See* Compl. ¶ 14.

On October 19, 2013, plaintiff submitted another FOIA request to the DEA for "any and all information found under his name" and that of his business. *Id.* ¶ 15 (referencing FOIA/PA Request Number 14-00034-P). The DEA responded that "[n]o further information other than

2

that previously sent [to plaintiff in response to FOIA/PA Case Nos. 00-0821-P, 02-0036-P and 12-0061-FP was] available."[1] *Id.* (emphasis omitted). However, the DEA informed plaintiff that eight additional files containing potentially responsive records had been located, and if he chose to have DEA staff search those files, he was required to pay "the amount of $896.00 . . . in advance." *Id.* ¶ 16. Nevertheless, the DEA released eight pages of records and withheld seven pages of records from File No. GD-96-008, which was one of the newly located files. *Id.* (emphasis omitted).

"After several other correspondences with the [DEA]" and in response to yet another FOIA request, plaintiff learned that the DEA located seven more files containing potentially responsive records linked to him and his business. *Id.* ¶ 17 (referencing FOIA/PA Case No. 14-00505-P); *see id.* ¶ 24. The DEA notified plaintiff that, if he wanted the files to be searched, he was required to "prepay four . . . hours of search per file at $28.00 per hour, for an approximate total of $1,680.00." *Id.* ¶ 24; *see id.* ¶ 17. Alternatively, if plaintiff chose "to pay per file, the search fee [was] $112.00 for each individual file[.]" *Id.* ¶ 24. Plaintiff selected four files (File Nos. GD-91-X036, GD-92-0001, GD-92-0003 and GD-92-0096) and prepaid fees for their search. *Id.* ¶ 18. According to plaintiff, among the information released from these files was

---

[1] It does not appear that FOIA/PA Case Nos. 02-0036-P and 12-0061-FP are relevant to this civil action.

"compelling exculpatory information that was not disclosed to him before trial [or] when requested in 2000" in response to his initial FOIA request (FOIA/PA Case No. 00-0821-P).[2] *Id.*

## II. DISCUSSION[3]

### A. Plaintiff's Privacy Act Claims

Plaintiff's "First Cause of Action," *id.* ¶¶ 25-33, pertains to his 2000 FOIA/PA request to the DEA. Plaintiff alleges that the DEA violated the Privacy Act, when it "knowingly and intentionally and with malice[] failed to disclose" information "identifying him and his place of business," *id.* ¶ 25 (emphasis omitted), even though thirteen of the files ultimately found to have contained potentially responsive records had been created *before* plaintiff's initial FOIA request in 2000, *id.* ¶ 28; *see id.* ¶¶ 04, 28. He posits that, if he had information from these files to support his § 2255 motion, he could have proven that the government obtained his conviction on the basis of false and fabricated testimony from six cooperating witnesses. *Id.* ¶¶ 25-26. According to plaintiff, this "lack of evidence" is the sole basis for the dismissal of his § 2255 motion by the Eastern District of Virginia. *Id.* ¶ 10; *see id.* ¶¶ 25-27; *see also United States v.*

---

[2] According to plaintiff, the government's case against him "consisted [of] the . . . testimony of [11] convicted felons" who testified "in exchange for leniency on their own criminal acts." Compl. ¶ 20. He claimed that there was no "evidence presented to the jury. . . to corroborate the government witnesses['] testimony" and no "proof of an overt[] act in furtherance of the conspiracy incriminating him." *Id.* If plaintiff had the information disclosed by the DEA in 2014 back in 2000 when he filed his § 2255 motion, he supposedly could have shown "that prior to trial the DEA had information capable of establishing that the testimonies of Franklin Cano, Roberto Andino Rodriguez, Felix Manuel Santana, Leopordo Perez and Enrique[] Nunez, were false, and that the DEA and the AUSA knew about the falsehood, but allowed them to commit perjury." *Id.* ¶ 35 (emphasis omitted); *see generally id.* ¶¶ 35-36. He then "would have prevailed in his original and timely filed §2255" motion, but the DEA "purposely withheld that information . . . so he would not be able to adequately litigate and prevail" in his "motion to vacate the fabricated conviction." *Id.* ¶ 38. He claimed that, "[i]f the DEA had disclosed the information he requested in 2000, more likely than not [he] would have been free 12 years ago." *Id.* ¶ 39.

[3] Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) on the ground that plaintiff failed to effect proper service of process because he references numerous exhibits in his complaint but has not served them on defendant. *See* Def.'s Mem. at 3. The Court finds that this matter can be resolved without relying on the missing exhibits. Furthermore, plaintiff has submitted copies of the exhibits with his opposition to defendant's dispositive motion. The Court therefore will deny defendant's motion to dismiss under Rule 12(b)(2).

*Lora*, 103 F. App'x 731 (4th Cir. 2004) (per curiam), *cert. denied*, 543 U.S. 1174 (2005). And because "the DEA knowingly and intentionally withheld information[] relevant to the criminal conviction for which he is serving 25 years of imprisonment," Compl. ¶ 02, including "any favorable . . . *Brady* material," *id.* ¶ 32, plaintiff claims that the DEA is liable for damages totaling "[$] 160,000.00 . . . or its equivalent in Gold," *id.* ¶ 33.[4]

Similarly, in his "Second Cause of Action," *see id.* ¶¶ 34-40, with respect to the 2014 FOIA request, plaintiff alleges that the DEA failed to release exculpatory information that was unavailable to him at trial and at the time he filed his § 2255 motion, *id.* ¶ 34. If plaintiff had this information, he claims that he would have been "able to demonstrate that prior to trial the DEA had information capable of establishing that the testimonies of [five government witnesses] were false, and that the DEA and the [Assistant United States Attorney prosecuting the criminal case not only] knew about the falsehood but [also] allowed [these witnesses] to commit perjury to the jury." *Id.* ¶ 35; *see id.* ¶¶ 36-37. But for "the DEA purposely [withholding] that information," plaintiff asserts, he "would have prevailed in his original and timely . . . §2255 [motion]," *id.* ¶ 38, and he "would have been free 12 years ago," *id.* ¶ 40. Plaintiff demands damages of $1,000,000.00 "for each year of incarceration since the §2255 motion to vacate was summarily dismissed for lack of the information the DEA knowingly and purposely hid from [him.]" *Id.* ¶ 40. And in his "third case of action," *id.* ¶¶ 41-42, plaintiff demands the disclosure of all the responsive records without prepayment of search fees, *id.* ¶ 41.

---

[4] Generally, under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution is obligated to disclose exculpatory material to the defense.

Defendant argues that all of plaintiff's claims are barred and thus are subject to dismissal.[5] *See generally* Def.'s Mem." at 3-9.

### B. Sovereign Immunity

First, defendant moves to dismiss for lack of subject matter jurisdiction on the ground that sovereign immunity bars plaintiff's demands for monetary damages from the federal government itself or from any of its components. *See* Def.'s Mem. at 3-5.

The United States is immune from suit unless its immunity is waived expressly. *See id.* at 4 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) and *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). It is plaintiff's burden to establish the existence of a waiver, *see Kokkonen*, 511 U.S. at 377, and the absence of a waiver of sovereign immunity deprives the courts of subject matter jurisdiction, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived sovereign immunity with respect to constitutional tort claims, *see Meyer*, 510 U.S. at 475, and plaintiff's demand for money damages for an alleged

---

[5] Defendant argues that plaintiff's claims are barred under the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which in relevant part provides:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis in original) (footnotes omitted). Because plaintiff "has not alleged any success in securing reversal of his criminal conviction," Def.'s Mem. at 8, defendant contends that he cannot recover damages for actions or omissions which allegedly brought about the conviction, *see generally id.* at 8-9. Plaintiff counters that *Heck* does not apply because his success on the Privacy Act claims will not necessarily imply the invalidity of his criminal conviction. Pl.'s Opp'n at 14. The Court concurs. If plaintiff had prevailed, he may have obtained a declaratory judgment that the DEA denied him access to records – regardless of the content of the records or their relevance in any other legal proceeding – in violation of the Privacy Act. Relief of this nature does not necessarily imply the invalidity of plaintiff's criminal conviction.

constitutional violation must fail, *see, e.g., Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163-64 (D.D.C. 2013). Nor can a plaintiff obtain monetary damages for an alleged violation of the FOIA, because "the sole remedy available to a requester [under the FOIA] is injunctive relief[.]'" *Id.* Plaintiff concedes these points, *see* Pl.'s Traverse to Defs.' Mot. to Dismiss [ECF No. 15] ("Pl.'s Opp'n") at 5, and defendant's motion to dismiss plaintiff's claim for monetary damages will be granted.

Citing 5 U.S.C. § 552a(g), however, plaintiff argues that "[s]overeign immunity does not bar a claim for damage[s] when the violations arose upon the Government's violation of the [Privacy Act,] as Congress expressly provided a . . . waiver for the knowing[] and intentional[] violation[s] of the Privacy Act." Pl.'s Opp'n at 5. Defendant does not dispute this assertion, *see* Def.'s Reply at 2, and instead argues that his Privacy Act claims are barred on other grounds, *see id.* at 2-3; *see generally* Def.'s Mem. at 5-12. The Court addresses these arguments below.

*C. Res Judicata and Collateral Estoppel*

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Two cases implicate the same cause of action if they share the same nucleus of facts. *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002). Parties are thus prevented from relitigating in separate proceedings "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and

regardless of the soundness of the earlier judgment. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously") (citation omitted).

Collateral estoppel (issue preclusion) bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same parties. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970). "The Supreme Court has defined issue preclusion to mean that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Both doctrines apply even if the prior proceeding is a criminal case rather than a civil case. *See Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568-69 (1951) (holding that "plaintiffs are entitled to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided by the conviction and verdict on which it was based").

In defendant's view, all of plaintiff's claims pertain to his criminal prosecution. *See* Def.'s Mem. at 6. "The truth or falsity of the witnesses' testimony has been thoroughly litigated in plaintiff's criminal trial and, a final judgment having been entered on that basis, plaintiff is barred from relitigating in this forum that which he has had a full and fair opportunity to litigate in another forum." *Id.* And, defendant states, plaintiff "has several times litigated the propriety of being convicted of a criminal offense," and "[e]ach time he has lost." *Id.* Finally, defendant notes that plaintiff "has already litigated and lost his challenge to the processing of his FOIA

Request in 2000," *id.* at 6-5, and "[t]o the extent that [he] now seeks to litigate . . . DEA's . . . response to his 2000 FOIA request," the claim is untimely, *id.* at 9.

Plaintiff states "that he is not litigating his Virginia criminal conviction by litigating this Privacy Act suit." Pl.'s Opp'n at 8. Rather, he describes "the gravamen of this instant suit" as the DEA's knowing and intentional delay in disclosing records he requested in 2000 in violation of the Privacy Act. *Id.* at 9. "[B]ut for the violation of the Privacy Act," he claims that he would not have been denied "due process." *Id.* According to plaintiff, the Eastern District of Virginia ruled against him because he could not provide evidence to support his § 2255 motion, and if the DEA had not violated the Privacy Act, he would have had the requested records -- and the alleged exculpatory information contained therein -- to support the motion. *See id.* And now, under the [Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C. § 2244], he is "forever barred from relitigat[ing] the same issue again." *Id.* Thus, plaintiff contends that neither res judicata nor collateral estoppel bar his Privacy Act claims. He is mistaken.

The Court concludes that both res judicata and collateral estoppel bar plaintiff's claims arising from the DEA's response to his 2000 request for records. It is apparent that plaintiff availed himself of the opportunity to challenge the DEA's response to FOIA/PA Case No. 00-0821-P, including the adequacy of the DEA's search for responsive records, by filing a civil action in this district court, Civ. No. 00-3072 (JGP). He readily admits that the prior action pertained to his demand for records from the DEA under the FOIA in 2000, *see* Pl.'s Opp'n at 11, and included his challenge to the DEA's reliance on the Privacy Act in withholding certain of the records he requested, *see* Def.'s Mem., Ex. 1 at 2. Both cases arise from the same nucleus of facts – the DEA's response to FOIA/PA 00-0821-P – and involve the same parties, and the court entered a final judgment on the merits of the claim. In so doing, the court necessarily decided

issues of issues of fact and law to support its judgment in defendant's favor in the prior lawsuit. Plaintiff cannot now relitigate the same cause of action or the issue of the DEA's compliance with the FOIA with respect to his 2000 FOIA request.

Furthermore, even if res judicata and collateral estoppel do not bar plaintiff's claim, plaintiff would face an additional hurdle. A claim under the FOIA must be raised within six years, see 5 U.S.C. § 2401(a); *Spannaus v. Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987) (applying 28 U.S.C. § 2401(a) to FOIA claim), and a Privacy Act claim must be raised within two years, 5 U.S.C. § 552a(g)(5). Plaintiff alleges violations of the FOIA and the Privacy Act arising from the DEA's response to the 2000 FOIA request, and the complaint he filed on April 17, 2015 therefore is untimely.[6]

### D. Exhaustion of Administrative Remedies

Plaintiff alleges that there are 16 DEA files which contain potentially responsive records, see Compl. ¶¶ 15-18, 41 (listing file numbers), and that he paid fees for the search of files GD-91-X036, GD-92-0001, GD-92-0003, and GD-92-0096, *id.* ¶ 18. Because plaintiff has not paid fees for the search of any other files, see *id.* ¶¶ 16, 18, defendant argues that his claim for release of any additional information is "barred for failure to exhaust administrative remedies by paying the fees associated with processing the remaining . . . file numbers." Def.'s Mem. at 11. Plaintiff concedes this argument and waives this claim. Pl.'s Opp'n at 18-19.

---

[6] The Court treats the complaint as if it were filed on April 17, 2015, the date on which the Clerk of Court received it. Review of the docket reflects that the Clerk of Court officially entered the complaint and plaintiff's application to proceed *in forma pauperis* on the electronic docket on May 11, 2015.

III. CONCLUSION

The Court concludes that sovereign immunity bars plaintiff's demand for monetary damages from the federal government, that res judicata, collateral estoppel and the statute of limitations bar plaintiff's Privacy Act claims, and that plaintiff failed to exhaust administrative remedies by failing to pay fees for the search of certain files deemed responsive to his FOIA requests. Accordingly, the Court will grant defendant's motion to dismiss and deny plaintiff's motion for summary judgment. An Order is issued separately.

DATE: March 10, 2016

COLLEEN KOLLAR KOTELLY
United States District Court Judge